■ In the Matter of BELNORD HOLDING CORP. et al., Respondents, v ANTHONY GLIEDMAN, as Commissioner of the Department of Housing Preservation and Development of the City of New York, et al., Appellants. — Judgment of the Supreme Court, New York County (Pecora, J.), entered January 20, 1982, which vacated the findings and the civil penalties imposed by the administrative order of May 4, 1981, and referred the matter for rehearing *de novo* before a different hearing officer reversed, on the law, and the petition dismissed, with costs. This harassment proceeding was instituted by approximately 100 tenants of "The Belnord", a complex of apartment buildings located on West 86th Street. After a hearing of some 29 days which spanned a period of approximately 17 months and which commenced only after petitioners' application for a stay of the administrative proceedings had been denied by Special Term and Special Term had rejected a second such application, the hearing officer found numerous specific instances of harassment and recommended the imposition of civil penalties totaling $30,500. By administrative order dated

May 4, 1981, the report of the hearing officer was confirmed and all apartments in the complex were directed to "remain and continue to be subject to Rent Control until the finding of harassment herein is removed by subsequent Order of the Commissioner". Petitioner then sought, by this CPLR article 78 proceeding, to set aside the commissioner's order, contending that the hearing officer was biased. Special Term granted the application, citing several instances of what it conceived to be prejudice, vacated the findings and civil penalties in their entirety, and directed that a *de novo* hearing be held before another hearing officer. We disagree. Accordingly, we reverse and dismiss the proceeding. This case presents a classic example of stalling and, when that failed, deliberate baiting of the hearing officer in the hope of establishing some basis for reversal by the court. The hearing set initially for December 12, 1978 — some four months after the filing by the tenants of the harassment charges — was delayed by the motion for a stay made returnable on the first day set for hearing. Since the order to show cause which initiated the proceeding contained a temporary restraining order, the tactic succeeded in its purpose. The hearing was then adjourned to January 16, 1979. In the interim, the temporary restraining order was vacated on the argument of the motion for a stay. On January 16, the day the hearing was scheduled to commence, and while the application for a stay was still *sub judice,* petitioner again applied to Special Term for a temporary restraining order. After argument in the chambers of the Justice who vacated the initial temporary restraining order, a further temporary restraining order was denied. Only then did the hearing commence. Throughout, the hearing officer sought to adjust the hearings to the availability of counsel. Indeed, although the hearing officer, with the consent of petitioner's counsel, fixed June 3, 1980 as a hearing date, he refused to declare counsel in default when he failed to show up. He adjourned the hearing and forwarded a letter to counsel fixing further adjourned dates. While he did proceed briefly on June 17 in the absence of petitioner's attorney, counsel, despite a claim that he could not appear on that day, showed up shortly after the testimony had started. In sum, considering the discourteous manner in which counsel treated the hearing officer, the hearing officer showed commendable patience. On this record, we conclude that the findings of the hearing officer are supported by substantial evidence and we see no basis for vacating and setting aside the administrative order. Accordingly, we conclude that the order of Special Term should be reversed and petitioner's proceeding dismissed. Concur — Sandler, J. P., Silverman, Bloom and Milonas, JJ.